MEMORANDUM *
Defendant Oak Harbor Freight Lines, Inc. (“Oak Harbor”) appeals an order of the district court granting summary judgment to plaintiff Shielding International, Inc. (“Shielding”). The court held Oak Harbor liable under the Carmack Amendment, 49 U.S.C. § 14706, for damage to Shielding’s shipment of plastic sheeting. We have jurisdiction under 28 U.S.C. § 1291, and affirm.[1]
In 2005, Oak Harbor delivered a shipment of Shielding’s freight in damaged condition. Shielding submitted a claim for $46,042. Oak Harbor admitted responsibility but rejected the amount, contending that a release rate of $2.00 per pound listed in its OAKH 100 tariff limited its liability to $4,782.
The Carmack Amendment requires a carrier to offer a shipper a choice of liability rates before the carrier may limit its liability for freight damage. Hughes Aircraft Co. v. N. Am. Van Lines, Inc., 970 F.2d 609, 611-12 (9th Cir.1992). Neither Oak Harbor’s tariff, its preprinted bills of lading, nor its pricing agreement mentions any such choice.
Rather, Oak Harbor contends it had “a procedure in place” by which, “had Shielding inquired, it could have selected a higher limitation of liability.” This is not sufficient. An unpublicized procedure for revaluing freight — one not disclosed to the shipper unless the shipper thinks to ask about it — does not constitute “offering a choice” in any acceptable sense of the term. Because Oak Harbor failed properly to limit its liability under the Carmack Amendment, it is liable for the actual loss to Shielding’s property. 49 U.S.C. § 14706(a)(1).
Further, neither the Trucking Industry Regulatory Reform Act of 1994, Pub.L. No. 103-311, 108 Stat. 1673, nor the ICC Termination Act of 1995, Pub.L. No. 104— 88, 109 Stat. 803, altered the Hughes requirement that a carrier offer a shipper a choice of rates.[2]
The judgment of the district court is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because the parties are familiar with the factual and procedural background, we recite it here only so far as is necessary to aid in understanding this disposition.

. We note that the other circuits to rule on the issue are in accord. See, e.g., Emerson Elec. Supply Co. v. Estes Express Lines Corp., 451 F.3d 179, 187 (3d Cir.2006); Sassy Doll Creations, Inc. v. Watkins Motor Lines, Inc., 331 F.3d 834, 841 (11th Cir.2003).